UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Randall Wayne Enyeart,                                                    Civil No. 05-941 MJD/AJB

                Petitioner,

v.                                                                        **REPORT AND RECOMMENDATION**

Gregory L. Webster,

                Respondent.


This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition pursuant to 28 U.S.C. § 2254 for habeas corpus relief.  [Docket No. 1].  Petitioner is not incarcerated but is presently subject to a term of probation pursuant to sentencing on a Minnesota state court conviction on tax charges in Hennepin County.  Petitioner is represented by Randall D.B. Tigue, Esq.  Respondent is represented by Jean B. Burdorf, Esq., Assistant Hennepin County Attorney.  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

The petition in this matter asserts twelve grounds for relief.[1]  The state filed a return in

---

[1] Petitioner's Memorandum in Response to State's Return for Petition for Writ of Habeas Corpus.  The 12 grounds are:  (1) the petitioner's right to Fourteenth Amendment due process was violated because the jury was not permitted to consider federal preemption of state law governing residence; (2) federal law preempts state law regarding the definition of residence for tax purposes; (3) Minn. Stat. §289A.63, defining resident for tax purposes, is unconstitutionally vague; (4) the statutory definition of residence cannot be supplemented by Minn. Reg. §8001.0300, and remains unconstitutionally vague in any event; (5) petitioner's right to due process was violated as a result of the use of conclusive evidentiary presumptions; (6) the submission of alternative theories of residency deprived petitioner of his right to a unanimous jury verdict; (7) submission of a redacted copy of Minn. Reg. §8001.0300, Subp. 5 impermissibly shifted the burden of proving innocence to the petitioner; (8) petitioner was improperly subjected to selective prosecution; (9) the state was obligated to proceed by

which it addresses each of plaintiff's separate claims and asserts that each of them, with the sole exception of the claim that federal law preempts state law on the definition of residence for tax purposes, is nonexhausted and is procedurally defaulted for § 2254 habeas corpus purposes. The state also argues that each of the claims is should be denied on the merits. The petitioner submitted a reply to the return in which it is expressly acknowledged that the state was correct in asserting that all but one of the grounds for relief is unexhausted.[2] However, petitioner argues that dismissal should be without prejudice and that a finding of procedural default is inappropriate at this time in light of the possibility that certain claims may still be considered in state court post-conviction proceedings in the context of an ineffective assistance of counsel claim.

**Discussion**

Petitioner in this federal habeas corpus action admits that the petition contains unexhausted claims and seeks an order for dismissal without prejudice which would permit him the opportunity to exhaust certain claims in state court post-conviction proceedings. The respondent opposes this proposal only to the extent that dismissal would be without prejudice. While the court fully appreciates the state's position in this matter, particularly the desire that claims be resolved with finality and certainty, it is also apparent that this position would require the court to address a number of claims and issues that ultimately may not be in dispute. Under these circumstances that court finds that is

---

seeking a less intrusive civil remedy in the tax case; (10) a Department of Revenue letter created constitutional estoppel; (11) the state intentionally failed to photograph exculpatory evidence; and (12) petitioner was denied his right to compulsory process.

[2] The petition was filed pro se. Notice of appearance by an attorney on behalf of the petitioner was filed after the state's return was served and filed.

would be prudent to dismiss the petition without prejudice in anticipation that any subsequent petition for § 2254 habeas corpus relief would be limited to claims that are properly before the district court.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Randall Wayne Enyeart's Petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1] be **dismissed without prejudice**.

Dated:     November 9, 2005


                                                s/ Arthur J. Boylan
                                               Arthur J. Boylan
                                               United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before November 25, 2005.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.